IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO CARRILLO,

        Plaintiff(s),

  vs.                                        CIVIL NO.04-365 WDS/DJS

CITY OF ALBUQUERQUE, et. al.,

        Defendant(s).

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Defendants' Motion for Summary Judgment (Docket No. 40).  While the material facts set forth in the motion are voluminous, the essential facts are that Plaintiff was a long time employee of the City who, since 2000 had been disciplined several times for improper use of his computer.  These improper uses consisted of engaging in political activity on City computers on City time and making offensive comments to co-workers and customers of the Public Works department.  In March 2003 Plaintiff used the City computer on City time to view pornography (or other sexually inappropriate) sites, dating sites, mail order bride sites, and to write political letters, all in violation of City policies.  In April 2003 the City gave Plaintiff notice of and held a pre-disciplinary hearing on these violations.  At the hearing Plaintiff, who was accompanied by a union representative, admitted the allegations against him and requested self discipline for the violations.  His union representative presented a self discipline proposal at that time.  The City accepted the proposal.   On April 17, 2003, Plaintiff and the City entered into the agreement proposed by Plaintiff wherein he agreed to a demotion, to a 30 day

suspension, to be prohibited from using the City email or internet, and to a provision that he could be immediately terminated and would waive his right to file a grievance were he to violate the agreement.

Upon his return from suspension Plaintiff accessed the internet. He was given a pre-determination hearing which he attended. On July 14, 2003, Plaintiff was terminated by the City. He did not request a hearing under the City's Merit System Ordinance nor under the AFSCME union contract.

Plaintiff quibbles with the facts of some of the early disciplinary incidents, but does not deny the substance of the actions which led to his April 2003 discipline. Nor does he dispute that he accessed the internet upon his return from suspension. He argues among other things that he was coerced into signing the April 2003 Settlement Agreement and that the City had the obligation to remove the internet capability from his computer, though no such requirement was in the agreement. Plaintiff does not dispute that he did not take advantage of any of his rights of review under City rules or his union contract.

In Count I of the complaint Plaintiff alleges unlawful gender discrimination under Title VII. In a reverse discrimination case a plaintiff must establish background circumstances that support an inference the defendant is one of the unusual employers who discriminates against the majority. If that can not be shown then a plaintiff must present evidence to support as a reasonable probability the inference that but for his gender, he would not have been fired. *Notari v. Denver Water Dept.*, 971 F 2.d 585 (10th Cir. 1992). In this case Plaintiff produces no evidence that this employer discriminates against the majority. Other than generalized statements that his supervisor took an aggressive posture toward him, the only evidence Plaintiff presents is that she took adverse action against him based upon a sexual harassment complaint from another

woman. The law requires that an employer deal with sexual harassment complaints. The fact that Plaintiff's supervisor took such action after giving him the opportunity to respond does not meet the prima facie case. Plaintiff also offers no evidence that others were treated differently from him in the use of the internet.

Even if Plaintiff had made a prima facie case, the Defendants have produced a great deal of evidence demonstrating a legitimate, non-discriminatory reason for the firing. Plaintiff's use of his City computer to access the internet was inappropriate in terms of content. He was warned on numerous occasions. After again being caught in violation he was allowed to design his own discipline for his improper use. In short order he violated the very terms he suggested. His final defense that the City should have removed his access so he could sin no more is unsupported and unpersuasive. Plaintiff has presented no evidence that the reasons for his firing were pretextual.

Plaintiff has withdrawn Count II.

In Counts III and IV Plaintiff alleges breach of contract and breach of implied contract claims. The Court agrees with Defendants that the Plaintiff has failed to identify with specificity any contractual provision which has allegedly been breached. His complaint is that the City has a policy encouraging participation in political activity and that carries the force of a contract provision, which the City allegedly breached. Such a general policy is not specific or definite enough to constitute an enforceable contract provision. The implied contract claim must also fail. Not only is there a lack of specificity in the alleged implied terms, but where a contract exists, New Mexico law does not allow implied terms to override the terms of the written contract, in this case a union contract.

In Counts V and VI Plaintiff alleges violations of his right to free speech and association. His claims are apparently based upon his speaking out at City Council meetings concerning zoning

and water rights issues.  Both Plaintiff and Defendants analyze these claims applying the test in *Pickering v. Board of Education*, 391 U.S. 563 (1968).  Defendants concede that Plaintiff meets the first two prongs of the test, that being that the speech was on a matter of public concern and the Plaintiffs speech at council meetings outweighs any City interest in regulating that speech.  Plaintiff attempts to move from that speech to his improper use of the internet and his viewing of objectionable material.  Such actions are not the free speech issues when done on a City computer on City time.  Regardless, Plaintiff totally fails in meeting the third prong of the test, that being that his speech at the City Council was a substantial or motivating factor in the employment decision.  Plaintiff alleges a concert of activity, but cannot produce any evidence which provides a link between his protected actions and the ultimate termination decision.

In Count VII Plaintiff is asserting a "class of one" equal protection claim.  He attempts to identify some individuals who were treated differently for their alleged misuse of the computer for private gain.  No other evidence is provided.  He has the full name of one such individual, Ivan Taylor, but we have no evidence as to what that person allegedly did, what the City knew about what the person did, what City policies were implicated, what discipline was imposed, or whether the conduct continued after warnings from the City.  The factual showing made by Plaintiff is nothing more than speculation, personal belief and conjecture.  It is insufficient to defeat summary judgment.

In Count VIII Plaintiff claims a violation of his substantive and procedural due process rights.  Plaintiff in his brief goes through a litany of his allegations.  Allegations are insufficient at this stage.  Facts must be shown which would support his allegations.  Again Plaintiff has failed to allege sufficient facts to create a jury question on either substantive or procedural due process claims.

For the reasons set out above the Court finds that the motion is well taken.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Docket No. 40) is granted as to all claims.

 

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**